**Alejandro B. BACARAY; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71424.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elizabeth A. Olson, Esq., U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Alejandro B. Bacaray and Lilia Bacaray, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of their application for asylum and withhold-

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ing of removal, and request for relief under the Convention Against Torture ("CAT"). We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's conclusion that petitioners did not establish eligibility for asylum because they testified that they relocated to Manila, where they lived for five years without incident. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Petitioners failed to establish a CAT claim because they did not show that it was more likely than not that they would be tortured if they returned to the Philippines. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Finally, because petitioners did not suffer any prejudice from the IJ's conduct, their due process claim also fails. *See Hassan v. INS,* 927 F.2d 465, 469 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**